IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 22-1875 T
(Senior Judge Marian Blank Horn)

CECIL BELL,

           Plaintiff,

v.

THE UNITED STATES,

           Defendant.

ANSWER

Defendant, the United States, files this Answer to plaintiff's Complaint (sealed unredacted version at dkt. No. 1; redacted version at dkt. No. 2). Defendant denies every allegation that is not expressly admitted below. Defendant further:

1. Admits.

2. Denies; avers that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a)(1).

3. States that defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4. Admits.

5. Admits.

6. Admits.

1

7. Admits that plaintiff's 2018 Amended Return claimed a personal exemption deduction in the amount of $4,150, which resulted in a claim for refund of $415; denies that plaintiff is entitled to claim a personal exemption deduction or a refund.

8. Admits that plaintiff mailed his 2018 Amended Return to the Kansas City address stated in paragraph 8; admits that plaintiff's 2018 Amended Return was postmarked December 12, 2019; avers that the IRS received the 2018 Amended Return on December 19, 2019.

9. Admits plaintiff's full name and identification number appear on his 2018 Amended Return as stated in paragraph 9; denies that plaintiff's address appears on his 2018 Amended Return as stated in paragraph 9; avers that plaintiff's address appears on his 2018 Amended Return as:

> Redland District; St. Gregory P.O.
> Clarendon, Jamaica, West Indies

10. Admits that plaintiff mailed his claim for refund to the Kansas City address stated in paragraph 10; admits that plaintiff's claim for refund was postmarked December 12, 2019; avers that the IRS received his claim for refund on December 19, 2019.

11. States that the allegation that the original 2018 return was timely filed constitutes a legal conclusion requiring no response; admits the remaining allegations in paragraph 11.

12. States that defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding the date when plaintiff received the $3 refund; avers that the IRS issued the $3 refund on April 29, 2019; admits the remaining allegations in paragraph 12.

13. Admits.

14.     Admits that Plaintiff's 2018 Amended Return was postmarked December 12, 2019; avers that the IRS received his 2018 Amended Return on December 19, 2019.

15.     Admits that plaintiff claimed a personal exemption deduction in the amount of $4,150 on his 2018 Amended Return; denies that he was entitled to claim such a deduction, under 26 U.S.C. § 151 or otherwise.

16.     Admits.

17.     States that defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding the date that plaintiff received a letter from IRS, a copy of which is attached as Exhibit B to the Complaint; states that defendant currently has no reason to believe that Exhibit B is not a true and correct copy of a Letter 4364C to plaintiff, dated February 24, 2020, from the IRS; and avers that the letter speaks for itself.

18.     Admits.

19.     States that defendant currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.     States that defendant currently lacks knowledge or information sufficient to form a belief about whether plaintiff was a nonresident alien taxpayer in 2018; states that the remaining allegations in paragraph 20 constitute legal argument to which no response is required.

21.     States that the allegations in paragraph 21 constitute legal argument to which no response is required.

22.     States that the allegations in paragraph 22 constitute legal argument to which no response is required.

23. States that the allegations in paragraph 23 constitute legal argument to which no response is required; avers that plaintiff's quotation of 26 U.S.C. §151(d)(5)(B) inserted "the" between "For" and "purposes" in the first line, and that the provision actually reads:

> For purposes of any other provision of this title, the reduction of the exemption amount to zero under subparagraph (A) shall not be taken into account in determining whether a deduction is allowed or allowable, or whether a taxpayer is entitled to a deduction, under this section.

24. States that the allegations in paragraph 24 constitute legal argument to which no response is required; avers that (as noted in defendant's response to the allegations in paragraph 23), plaintiff's quotation of the subject provision is inaccurate; avers further that the quoted provision does not contain italics; denies that plaintiff is entitled to the claimed deduction or refund.

25. Admits that six months have expired since the IRS received plaintiff's 2018 Amended Return; admits that the IRS did not send plaintiff a Notice of Disallowance of his refund claim; states that the remaining allegations in paragraph 25 constitute legal argument to which no response is required.

Denies that plaintiff is entitled to the relief requested in the unnumbered prayer for relief section of the Complaint.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant and against plaintiff on plaintiff's claim for refund of federal income tax including interest for tax year 2018, with costs assessed against plaintiff.

Respectfully submitted,

Dated: April 24, 2023

/s/ Elizabeth B. Villarreal
ELIZABETH B. VILLARREAL
Trial Attorney
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: (202) 353-0553
Fax: (202) 514-9440
Elizabeth.Villarreal@usdoj.gov

DAVID A. HUBBERT
Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

/s/ Mary M. Abate
Of Counsel
*Attorneys for Defendant*