# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Cecil Bell,

    Plaintiff,

      v.

United States of America,

    Defendant.

No. 22-1875 T
Senior Judge Marian Blank Horn

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In response to Defendant's Cross-Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment, Plaintiff respectfully responds as follows.

## ARGUMENT

**I.    Section 873(b)[1] Affirmatively Grants a Personal Exemption Deduction to Nonresident Aliens.**

Defendant is incorrect that "[§ 873(b)] merely provides exceptions to the general rule of § 873(a) that prohibits most deductions. . . [and] . . . does not itself grant entitlement to any deduction." ECF 16 at 6.  While Section 873(b) may be titled "Exceptions," Section 873 itself is

---

[1] Unless otherwise specified, references to "section" or "§" are to provisions of the Internal Revenue Code of 1986, as amended (26 U.S.C.).

1

titled "Deductions." Further, Section 873(b) affirmatively states that certain deductions "shall be allowed" to an eligible nonresident alien "whether or not they are connected with income which is effectively connected with the conduct of a trade or business within the United States," and among these deductions is the personal exemption deduction. If Section 873(b)(3) did not exist, nonresident aliens would not be able to claim a deduction for a personal exemption, so clearly it is Section 873(b)(3) that affirmatively confers this right.

By analogy, one would not say that, for U.S. citizens and resident aliens, Section 170 (relating to charitable contributions) does not itself grant a deduction, even though it is an exception to the general rule of Section 262(a) that one is not entitled to a deduction for "personal, living, or family expenses."

## II.     Section 151(d)(5)(B) Applies to Section 873(b)(3).

Defendant argues that Section 151(d)(5)(B) does not apply in this case, stating that "Section 151(d)(5)(B) applies when there is a Code section that asks whether someone would be eligible for a deduction under § 151, and then grants some other tax status or benefit on the basis of that eligibility." ECF 16 at 5-6. This is correct, but not fully correct.

Section 151(d)(5)(B) has two parts, which Defendant has conflated. Each part addresses the effect of the reduction of the exemption amount to zero for purposes of "any other provision of [Title 26]."

First, it provides that the reduction of the exemption amount to zero "shall not be taken into account in determining whether a deduction is allowed or allowable . . . under this section." This is the part that Defendant correctly observes preserves an eligible taxpayer's right to the child tax credit under Section 24, or head-of-household filing status under Section 2.

But there is a second part to Section 151(d)(5)(B), and that part provides that the reduction of the exemption amount to zero "shall not be taken into account in determining whether . . . a taxpayer is entitled to a deduction under this section." It is this second part of Section 151(d)(5)(B) that, in conjunction with Section 873(b)(3), preserved a nonresident alien's "entitlement" to a personal exemption deduction, and that is because, as noted above, Section 873(b) itself grants entitlement to a personal exemption deduction.

This dual-function interpretation of Section 151(d)(5)(B) is consistent with the provision's Legislative History, which provides as follows:

> The provision also clarifies that, for purposes of taxable years in which the personal exemption is reduced to zero, this should not alter the operation of those provisions of the Code that refer to *a taxpayer allowed a deduction* (or an individual with respect to whom a taxpayer is allowed a deduction) *under section 151*. Thus, for instance, sec. 24(a) allows a credit against tax with respect to each qualifying child of the taxpayer for which the taxpayer is allowed a deduction under section 151. A qualifying child, as defined under section 152(c), remains eligible for the credit, notwithstanding that the deduction under section 151 has been reduced to zero. H.R. Rep. No. 115-466 at 203 n.16 (2017) (Conf. Rep.) (emphasis added).

The Legislative History speaks to taxpayers allowed a deduction under Section 151 *or* individuals "with respect to whom" a taxpayer is allowed a deduction under Section 151. The obviously non-exhaustive example in the Legislative History addresses the second of these functions; however, it is the first function that preserves the personal exemption deduction for nonresident aliens, by stating that Section 151(d)(5)(B) should not alter the operation of those provisions of the Code (*e.g.,* Section 873(b)(3)) that refer to a taxpayer allowed a deduction under Section 151.

Given the multitude of references in the Internal Revenue Code to Section 151, if Congress had truly intended to single out Section 873(b)(3) and suspend a nonresident alien's entitlement to a personal exemption deduction for the years 2018 through 2025, exempting it

3

from preservation in Section 151(d)(5)(B), then it could very simply and easily have stated that by amending Section 873(b)(3).  But Congress did not do that, evincing no intention to do so anywhere in the Legislative History, and enacting a law whose plain language grants eligible nonresident aliens a continued right they have had for decades.

    Plaintiff agrees with Defendant that striking Section 151 altogether "would have required substantial revisions to other parts of the Code that would then have to be undone once the suspension of the personal exemption deduction sunsets at the end of 2025." ECF 16 at 4.  That is why Section 151(d)(5)(B) was added, so that provisions such as the child tax credit, head-of-household filing status, and the personal exemption for nonresident aliens -- all parts of the Code that reference Section 151 -- could remain in effect without substantial changes to those sections until reversion to the norm in 2025.

    **III.**    **Defendant's Policy Argument is Inapposite.**

    When understanding the history of the general policy not to tax nonresident aliens individuals from Dollar One, it is important to clarify the *type* of nonresident alien and the *type* of income.  Defendant correctly observes that "nonresident aliens have never been treated as favorably under the Code as citizens/resident aliens, even with respect to the personal exemption deduction." ECF 16 at 7. Further, Defendant proffers the example of "Fixed, Determinable, Annual or Periodical income" ("FDAP income") as a type of income for which no personal exemption has historically been allowed.

    This is correct as to FDAP income *not* effectively connected with the nonresident alien's trade or business in the United States.  Section 871(a)(1).  Nonresident aliens like Plaintiff, who *are* engaged in a trade or business in the United States, have long been entitled to at least one

4

personal exemption deduction, per Sections 873(a) and 873(b)(3), against their income which *is* effectively connected with that trade or business.

Defendant also observes that nonresident aliens may be able to claim a foreign tax credit in their home countries for any U.S. tax paid. ECF 16 at 7-8. This is also correct; however, it is not relevant to whether a nonresident alien remains entitled to a personal exemption deduction for U.S. income tax purposes. Further, Defendant is speculating as to facts about farmworkers such as Mr. Bell, and other nonresident aliens, that are not part of the record.

### IV. Defendant is Incorrect that Considerable Administrative Confusion Would Result.

Finally, Defendant observes that if Plaintiff's position were to prevail, "considerable administrative confusion would result." ECF 16 at 8. While potential administrative confusion should not stand in the way of the proper application of our tax law, Plaintiff observes that it would be a simple matter, effective starting in 2023, to return Form 1040-NR to the way it looked prior to 2018. As Defendant notes, this would only require the addition of one line to the current form. As to calendar years 2018 through 2022, presumably the Internal Revenue Service has the data from Forms 1040-NR to proactively issue refunds to affected taxpayers for open years, as it did, for instance, when distributing Economic Impact Payments -- if it chose to do so. If not, affected taxpayers could, like Plaintiff did, file amended returns for open years, perhaps using an expedited and streamlined process.

## **CONCLUSION**

For the foregoing reasons, in addition to those expounded in Plaintiff's Motion for Summary Judgment and Memorandum of Law in Support (ECF 15), Plaintiff respectfully requests that his Motion for Summary Judgment be granted, that Defendant's Cross-Motion for Summary Judgment be denied, and that judgment be entered in favor of Plaintiff.

Dated: July 6, 2023

                                                      Respectfully submitted,

                                                      /s/ Robert G. Nassau
                                                      Robert G. Nassau
                                                      Attorney for Plaintiff
                                                      Syracuse University College of Law
                                                      Office of Clinical Legal Education
                                                      P.O. Box 6543
                                                      Syracuse, NY 13217-6543
                                                      Telephone: 315-443-4582
                                                      Facsimile: 315-443-3636
                                                      E-mail: Rnassau@syr.edu

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Elizabeth Villareal, Esq.
>Trial Attorney
>US Department of Justice
>Tax Division
>Court of Federal Claims Section
>Post Office Box 26
>Ben Franklin Post Office
>Washington, DC 20044
>Telephone: 202-353-0553
>Facsimile: 202-514-9440
>E-mail: Elizabeth.Villareal@usdoj.gov

>/s/ Robert G. Nassau
>Robert G. Nassau
>Attorney for Plaintiff
>Syracuse University College of Law
>Office of Clinical Legal Education
>P.O. Box 6543
>Syracuse, NY 13217-6543
>Telephone: 315-443-4582
>Facsimile: 315-443-3636
>E-mail: Rnassau@syr.edu