IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 22-1875 T
(Senior Judge Marian Blank Horn)

CECIL BELL,

                                        Plaintiff,

v.

UNITED STATES OF AMERICA,

                                        Defendant.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims and the Court's Order (ECF 13), dated April 27, 2023, defendant herewith submits this reply to plaintiff's response to defendant's cross-motion for summary judgment (ECF 17).

## ARGUMENT

**I.    Section 873(b) Does Not Grant Nonresident Aliens a Personal Exemption Deduction.**

Plaintiff's entire argument depends on his convincing the Court that § 873(b)[1]—as opposed to § 151(a)—is the source of the grant to nonresident aliens of entitlement to a personal exemption deduction. (ECF 17 at 3.) It is not. The text of § 873(b)(3) unequivocally states that

---

[1] Unless otherwise specified, references to "section" or "§" are to provisions of the Internal Revenue Code of 1986, as amended (26 U.S.C.), and all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Regs.).

1

the personal exemption deduction for nonresident aliens is "allowed by section 151." "Allowed" is a term of art, and each deduction is generally "allowed" by a single Code provision.

As discussed in our opening brief (ECF 16 at 6), this plain language interpretation is confirmed by § 874, which states that the personal exemption deduction for nonresident aliens specifically is "under section 151." *See* § 874(b). If § 873(b)(3) were the operative provision allowing nonresident aliens personal exemption deductions, then § 874 would have referenced § 873(b)(3). Plaintiff has not addressed this point.

Compare the language in § 873(b)(3) with that of § 642 (providing special rules for credits and deductions for estates and trusts). Section 642(b)(2) independently grants a deduction for a personal exemption, in separately stated amounts applicable to estates or different types of trusts. With respect to disability trusts, for example, § 642(b)(2)(C)(i) provides, as a general rule: "A qualified disability trust shall be allowed a deduction equal to the exemption amount under section 151(d) . . . ." But, in years when the § 151 exemption amount is zero, "clause (i) shall be applied by substituting '$4,150' for 'the exemption amount under section 151(d).'" *See* § 642(b)(2)(C)(iii)(I). And § 642(b)(3) states: "The deductions allowed by this subsection shall be in lieu of the deductions allowed under section 151 (relating to deduction for personal exemption)."

In contrast, § 873(b)(3) states that nonresident aliens may still be entitled to the "deduction for personal exemptions allowed by section 151," despite the rule in § 873(a) limiting nonresident aliens from entitlement to most deductions. It points nonresident aliens back to § 151 as the source of their entitlement to a personal exemption deduction, whereas § 642(b) creates a new personal exemption deduction that is roughly equivalent to (although in

independent amounts depending on the type of entity), and in lieu of, the deduction allowed in § 151.

Any ambiguity plaintiff has created is the result of his reading of § 873(b)(3) in isolation and not within the complete context of § 873.  "A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme." *Bailey v. United States*, 516 U.S. 137, 146 (1995) (quoting *United Savings Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988)).  When read as a whole, § 873(a) creates a "general rule" that nonresident aliens are not allowed deductions unless they are connected with income which is effectively connected with the conduct of a trade or business within the United States.  Then § 873(b) provides several exceptions to this general rule, one of which is § 151(a)'s grant of the personal exemption deduction.

This structure is consistent with the House Office of Legislative Counsel's Guide to Legislative Drafting, which is based on the style used in the Internal Revenue Code.  *See Manual on Drafting Style*, H. Off. of Legis. Counsel, 11 n.6 (Dec. 2022), https://legcounsel.house.gov/sites/legcounsel.house.gov/files/documents/ManualDraftStyle_2022.pdf.  The Guide recommends that statutes begin with a general rule, then follow that general rule with exceptions, special rules, transitional rules, other provisions, definitions, and effective date.  *Id.* 14.  It would be highly unusual for § 873(a) to provide a general rule limiting the deductions available to nonresident aliens, and then for § 873(b) to provide a second general rule granting nonresident aliens entitlement to different deductions.

Plaintiff offers an analogy between § 151 and § 170, but the analogy is misplaced.  (ECF 17 at 2.)  Defendant is not arguing that § 873(b)(3) does not grant nonresident aliens a personal exemption deduction *because* being allowed a deduction is an exception to the rule that

3

nonresident aliens cannot claim most deductions. Defendant's position is that § 873(b)(3) does not grant nonresident aliens a personal exemption deduction *and instead* its role in the statute is to provide an exception to the rule that nonresident aliens are *not* entitled to most deductions.

**II.     Section 151(d)(5)(B) Does Not Apply to Section 873(b)(3).**

The Court does not need to parse plaintiff's arguments about § 151(d)(5)(B) because, by plaintiff's own admission, they depend on "§ 873(b) itself grant[ing] entitlement to a personal exemption deduction." (ECF 17 at 3.) Nonetheless, we address plaintiff's argument that purports to address a substantive issue where there is none—*i.e.*, that there is a significant difference between the phrases in § 151(d)(5)(B) "whether a deduction is allowed or allowable" and "whether a taxpayer is entitled to a deduction."[2] These three wordings—"allowed," "allowable," and "entitled to"—are synonyms in this context, included by Congress only because various "other provision[s]" of the Code that reference § 151 do so using different language. For example, § 24(a) (child tax credit) asks whether a taxpayer is "allowed a deduction" under § 151. Section 36B(c)(1)(D) (premium tax credit) denies a credit for individuals with respect to whom a deduction is "allowable" under § 151. Section 2(b)(1)(A)(ii) (definition of head of household) asks whether a taxpayer "is entitled to a deduction" under § 151.

Despite the variation in their wording, all these provisions function the same way—they first determine whether a § 151 deduction is allowed/allowable or whether a taxpayer is entitled to a deduction under § 151, and then they grant a different tax benefit on that basis. The only

---

[2] Section 151(d)(5)(B) states:

> For purposes of any other provision of this title, the reduction of the exemption amount to zero under subparagraph (A) shall not be taken into account in determining whether a deduction is allowed or allowable, or whether a taxpayer is entitled to a deduction, under this section.

4

reason the phrase "whether a taxpayer is entitled to a deduction" was added to § 151(d)(5)(B) was to make sure that provisions such as § 2(b)(1)(A)(ii) that use the "entitled to" language are included.[3]

The way those provisions function is different from the way § 873(b)(3) functions because nothing in § 873(b) allows a tax benefit to nonresident aliens, and certainly not on the basis of whether a § 151 deduction is allowed/allowable or whether a taxpayer is entitled to a deduction under § 151. The entire purpose of § 151(d)(5)(B) is to clarify that a taxpayer's entitlement to a personal exemption deduction and that deduction's value are separate concepts, because someone can still be entitled to a personal exemption deduction in a technical sense even though that deduction is worth nothing. For §§ 2 and 24, that distinction is important and preserves taxpayers' ability to claim head of household filing status and the child tax credit. For § 873(b)(3), the distinction is meaningless. Section 151(d)(5)(B) is therefore largely irrelevant to § 873(b)(3) and does not apply. At most, when applied to § 873(b)(3), § 151(b)(5)(B) clarifies that nonresident aliens are still considered "entitled to" a deduction under § 151 even though that deduction is worth zero. That formalistic point does nothing to advance plaintiff's case. Section 151(d)(5)(B) answers a question that § 873(b)(3) does not ask.[4]

---

[3] No Code provision asks whether a taxpayer "claims" or "claimed" a personal exemption under § 151 (a fourth potential wording choice), but some regulations do. *See* Treas. Reg. §§ 1.36B-1(d); 1.36B-2(c)(4); 1.36B-4(a)(1)(ii)(B)(1), (a)(1)(ii)(B)(2), (a)(1)(ii)(C), and (a)(4); and § 1.6011-8(a). Since the "claim" or "claimed" language was not included in § 151(d)(5)(B), the IRS had to issue Notice 2018-84 to make sure these regulations continued functioning as intended by clarifying that a taxpayer is considered to have "claimed" a personal exemption deduction for the purpose of these regulations if the taxpayer filed a tax return for the year and did not qualify as a dependent of another taxpayer for the year.

[4] Plaintiff supports his reading of § 151(d)(5)(B) by quoting the Conference Report, specifically the line: "The provision also clarifies that, for purposes of taxable years in which the personal exemption is reduced to zero, this should not alter the operation of those provisions of the Code which refer to a taxpayer allowed a deduction (or an individual with respect to whom a taxpayer is allowed a deduction) under section 151." (ECF 17 at 3.) Here, too, he creates an issue where

5

As discussed above, § 642(b)(2)(c)(i) affirmatively grants a personal exemption deduction to a qualified disability trust, "equal to the exemption amount under section 151(d)." And, in order to preserve entitlement to a *meaningful* deduction to such a trust, Congress then had to add § 642(c)(2)(C)(iii), which states: "In the case of any taxable year in which the exemption amount under section 151(d) is zero, clause (i) shall be applied by substituting '$4,150' for 'the exemption amount under section 151(d)." If § 151(d)(5)(B) had preserved the value of the personal exemption deduction under § 151 for the purposes of other sections of the Code, § 642(c)(2)(C)(iii) would have been unnecessary. "'The canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.'" *City of Chicago, Ill. v. Fulton*, 141 S. Ct. 585, 591 (2021) (citation omitted).

## CONCLUSION

To summarize, § 151(a) grants individual taxpayers a personal exemption deduction, but § 151(d)(5)(A) made that deduction worth $0 from 2018 through 2025. Entitlement to benefits in other Code provisions depends on whether a deduction under § 151 is allowed to a taxpayer, whether it is allowable, or whether the taxpayer is entitled to that deduction. To make sure those other provisions continue to function despite § 151(d)(5)(A)'s reduction of the deduction to $0, Congress enacted § 151(d)(5)(B), which states that the fact that the deduction is worth $0 does not change whether a deduction under § 151 is considered allowed to a taxpayer, whether it is allowable, or whether the taxpayer is entitled to that deduction.

---

there is none. Taxpayers are allowed deductions for themselves under § 151(a), their spouses under § 151(b), and their dependents under § 151(c). Some "other provision[s]" of the Code, such as § 24(a) (child tax credit), depend on whether the taxpayer is allowed an exemption deduction not for himself but for another individual, in that case, his dependent under § 151(c). Others, such as § 36B(d)(1) (family size for premium tax credit) depend on the taxpayer's own eligibility for a personal exemption deduction. This was the distinction the Conference Report was recognizing.

There is no entitlement granted by § 873(b), and in particular, no entitlement that is contingent on whether a deduction under § 151 is allowed to a taxpayer, whether it is allowable, or whether the taxpayer is entitled to that deduction. Therefore, § 151(d)(5)(B) is largely irrelevant to § 873(b)(3). At most, § 151(d)(5)(B) provides that, for the purposes of § 873(b)(3), nonresident aliens such as plaintiff should be considered "entitled to" a $0 personal exemption deduction under § 151. Plaintiff, like every other U.S. taxpayer, is not entitled to a refund on the basis of a personal exemption deduction for 2018.

For the foregoing reasons, and for the reasons stated in defendant's cross-motion for summary judgment and response to plaintiff's motion for summary judgment, defendant respectfully requests that plaintiff's motion for summary judgment be denied, defendant's cross-motion for summary judgment be granted, and judgment be entered in favor of the United States.

Respectfully submitted,

July 14, 2023

/s/ Elizabeth B. Villarreal
ELIZABETH B. VILLARREAL
Trial Attorney
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: (202) 353-0553
Fax: (202) 514-9440
Elizabeth.Villarreal@usdoj.gov

DAVID A. HUBBERT
Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

 /s/ Mary M. Abate
Of Counsel

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 22-1875 T
(Senior Judge Marian Blank Horn)

CECIL BELL,

                                                           Plaintiff,

v.

UNITED STATES OF AMERICA,

                                                           Defendant.

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Robert George Nassau
        Syracuse University College of Law
        Box 6543
        Syracuse, NY 13217-6543
        315-443-4582
        Fax: 315-443-3636
        Email: rnassau@syr.edu

                */s/ Elizabeth B. Villarreal*
                ELIZABETH B. VILLARREAL
                U.S. Department of Justice
                Tax Division
                Court of Federal Claims Section
                Post Office Box 26
                Ben Franklin Post Office
                Washington, D.C. 20044
                Telephone: (202) 353-0553
                Fax: (202) 514-9440
                Elizabeth.Villarreal@usdoj.gov